HENRY SAMPLE V. A. D. IRWIN AND WIFE.

1. AUTHENTICATION—ACKNOWLEDGMENT—NOTARY PUBLIC.—One who identifies himself with a transaction evidenced by a written instrument, by placing his name on the face thereof as agent for one of the parties thereto, is not competent, as a notary public, to take the acknowledgment of any of the parties.

2. SECONDARY EVIDENCE—WITNESS.—The execution of a deed not properly authenticated for record, to which there are subscribing witnesses, cannot be proved by one not a witness or party thereto until affidavit has been made, not only that the residences of the subscribing witnesses are unknown, but that diligent inquiry has been made for them.

3. TRESPASS TO TRY TITLE—PURCHASER.—In trespass to try title, the rights of a defendant, who holds as the purchaser of the legal title from the mortgagor, are not affected by proceedings under a decree of foreclosure to which he was not a party.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

This was an action of trespass to try title, brought by Irwin and wife against Henry Sample. Both parties claimed title to the land in controversy under one E. S. Woodford. The appellees claimed under a deed from Woodford to Eliza McFadin, dated on the 5th of March, 1862, and duly recorded on the 5th of June, 1868, and a deed from Eliza McFadin and her husband, N. A. McFadin, to appellee, Mrs. Irwin, dated May 4, 1867, and duly recorded on the 5th of June,

1868, both of which were read in evidence without objection. The consideration of the conveyance from Woodford to McFadin was $250, and of the conveyance from McFadin to Mrs. Irwin $1,500. This amount was paid Mrs. Irwin as follows: McFadin and wife were indebted to Irwin and wife in the sum of $500 or $600; the balance of the purchase-money was $1,000, given to Mrs. Irwin by her father, and by her loaned to her brother, and paid at the time of the purchase to McFadin and wife by her brother.

The defendant claimed title under a judgment in favor of P. J. & R. Willis, surviving partners, etc., *v.* E. S. Woodford, rendered on the 23d of April, 1870, and an execution sale thereunder, on the 6th of September, 1870. The suit in which this judgment was rendered was based upon a note of Woodford to McIlhenny, Willis & Bro., dated December 2, 1861, and alleged to have been secured by a deed of trust of the same date, covering the land in controversy.

In support of the title claimed under this judgment the defendant offered in evidence a deed of trust signed by E. S. Woodford, of the first part, William Hodge, of the second part, and McIlhenny, Willis & Bro., by James C. Gaither, agent, of the third part. The execution of the deed was acknowledged by Woodford and Hodge before James C. Gaither, who had signed the instrument as agent for McIlhenny, Willis & Bro., and the reading of the deed in evidence as a recorded instrument was objected to by the appellees on that ground, and the objection was sustained by the court.

After the court had refused to permit the deed to be read as a recorded instrument, the defendant made oath that the residences of the subscribing witnesses were unknown to him, and then offered to read the same deed on the proof of its execution contained in the deposition of the notary, James C. Gaither, and the deed was again excluded. Exceptions were taken to both rulings, and error assigned.

The deed of trust is signed as follows: "Given under our

hands and seals—using scrolls for seals—this 2d day of December, A. D. 1861.

"E. S. WOODFORD,              [L. S.]
"WM. HODGE,                   [L. S.]
"McILHENNY, WILLIS & BRO. [L. S.]
        "By JAS. C. GAITHER, *Agent.*

"Witnesses: P. H. HARGOU, E. HENKEL.

"STATE OF TEXAS, ?
*Fayette County.* 5

"Before me, James C. Gaither, a notary public for the county and State aforesaid, personally appeared William Hodge and E. S. Woodford, who acknowledged that they signed the within instrument of writing for the purposes and consideration therein set forth and expressed.

"Given under my hand and seal of office, this 2d day of December, A. D. 1861.

"JAMES C. GAITHER, *N. P. F. C.*

"STATE OF TEXAS, ?
*Fayette County.* 5

"Before me, Robert Zapp, a notary public of the county and State aforesaid, personally appeared James C. Gaither, who acknowledged that he signed the above instrument of writing for the purposes and consideration therein set forth and expressed.

"Given under my hand and seal of office, this 2d day of December, 1861.

"ROBERT ZAPP, *N. P.*"

On the foregoing certificates, this instrument was recorded in Washington county on the 10th day of September, 1862.

*Giddings & Morris,* for appellant.—Whatever agency Gaither may have had in inducing Woodford to sign a deed of trust to secure the debt for McIlhenny, Willis & Bro., it could have no bearing whatever on his official qualification to take the acknowledgment. He, as agent, had no interest in the matter whatever.

The point is fully illustrated in the case of Bank *v.* Porter, 2 Watts' Rep., 141, where the protest of a notary, who was a stockholder in the bank which was a party to the suit, was held incompetent evidence to charge an indorser.

The whole objection in such cases is put upon the ground of interest, as stated in the cause referred to. And if the testimony of an agent, who has no interest in the suit or subject matter, is incompetent, then there is some plausibility in the objection; but that agency alone will not disqualify, needs no authority.

The unqualified proposition that a deed can be proved by a subscribing witness only, is really startling. We know it has been the impression of the bar that a deed might be proved by the acknowledgment of the grantor himself. See White *v.* Holliday, 20 Tex., 679, where the grantor was called as a witness, and permitted to prove the deed without even calling or accounting for the absence of the subscribing witness. And we feel sure that till this ruling was made by his honor, that the impression of the bar was, that if the subscribing witness were dead, or their residence unknown, or where they reside out of the State, that the deed might be proved otherwise than by the subscribing witnesses. (Paschal's Dig., 5009.)

The court ruled out the trust deed and excluded it from the jury, because the depositions of Gaither did not prove the execution of the deed of trust.

Now, admitting for the sake of argument, that the first ruling of the court on the question of agency in the notary is correct, which we can but feel is doing violence to both the spirit and letter of the law—we do prove by Gaither's deposition the execution of the trust deed, which carries our right behind plaintiff's title—and remembering, too, that the sole objection taken was "because it could be proved only by a subscribing witness, and that the deposition did not prove its execution," the glaring error of the charge at once appears.

The only question presented in the case on the merits is,

"Did Mrs. McFadin and the plaintiffs have notice of the trust deed at the time they purchased the land?"

If they had notice of the trust deed which was executed some three months prior to the sale by Woodford to Mrs. Eliza McFadin, then they took the land subject to the incumbrance, and a sale under the trust deed would vest a good title in the purchaser at the sheriff's sale, notwithstanding Woodford's sale in fee of the land.

That a party purchasing with notice of an unrecorded deed or incumbrance takes subject thereto, is too well settled to require authority. (McCulloch *v.* Renn, 28 Tex., 793.)

In Elliot *v.* Whitaker, 30 Tex., 412, it is said, "Where a party purchased, knowing that his grantor had previously sold the land to another, it is such a fraud as to destroy the conveyance as a muniment of title under the 15th section of the act of limitations." Counsel also cited Martel *v.* Sommers, 26 Tex., 560, and Hines *v.* Perry, 25 Tex., 451.

*Sayles & Bassett,* for appellees.—A person cannot take acknowledgment of a deed made to himself; such a point is too plain for doubt. (Groesbeck *v.* Seeley, 13 Mich., 329; Wilson *v.* Traer & Co., 20 Iowa, 231; Dussaam *v.* Burnett, 5 Iowa, 103; Beeman *v.* Whitney, 20 Maine, 413.) A trustee in a deed to secure money is incompetent to take the acknowledgment of the grantor. (Stevens *v.* Hampton, 46 Mo., 404.) A notary, who is a stockholder of a bank, cannot protest a note in favor of the bank. (Bank *v.* Porter, 2 Watts, 141.) Every proceeding which bears upon its face the objection that the same person was both party and judge is absolutely void. (12 Mod., 587; Salk, 398, 607; Palm, 25.)

In Henderson *v.* Ayres, 23 Tex., 96, it is said that an administrator cannot allow a claim against the estate he represents, if he is himself the agent of the creditor for its collection.

This ruling of the court, in excluding the parol evidence

offered to prove the execution of the deed, is manifestly correct. The execution of a written instrument can be proven only by a subscribing witness, (1 Greenl. Ev., sec. 567,) unless the witness be dead, or cannot be found after diligent inquiry, &c. (1 Greenl. Ev., sec. 572.) The affidavit did not show that any inquiry had been made by the party as to the residence of the witness.

But, admitting that the deed of trust was duly recorded on the certificate of the notary who was a party thereto, such record was not made until the 10th day of September, 1862, and prior to that date, to wit, on the 5th of March, 1862, the land was conveyed by Woodford to Mrs. McFadin for the consideration of two hundred and fifty dollars expressed in the deed. Although Mrs. Irwin obtained title from Mrs. McFadin subsequent to the record of the deed of trust, she is protected by the prior conveyance to Mrs. McFadin. (Jackson v. Given, 8 Johns., 136.) To avoid the effect of the conveyance from Woodford to Mrs. McFadin, it was incumbent upon the defendant in the court below to show that Mrs. McFadin either had notice of the lien or had not paid a valuable consideration.

But there is another view of the case equally decisive in favor of the appellees. The deed of trust was only a lien or security for the payment of a debt; and to enable the purchaser at the sheriff's sale to avail himself of its equities, there should have been a foreclosure of the lien, and a sale of the interest of the mortgage as it existed at ·the date of the execution of this deed. The suit upon the note secured by the deed of trust was commenced, so far as the record shows, not before the 29th of August, 1869, after the record of the deeds from Woodford to McFadin and from McFadin to Irwin. Service, if made at all, was made by publication, but the transcript does not show any service upon Woodford, nor is there any statement of facts, as required in cases where service is obtained by publication, showing upon what evidence the judgment was rendered.

GOULD, ASSOCIATE JUSTICE.—The deed of trust was not properly authenticated for record, and was not admissible in evidence as a registered deed.

In the case of Brown *v.* Moore, 38 Tex., 645, an acknowledgment of a deed of trust made before a trustee, interested to the extent of his commissions, was held invalid. (See also Stevens *v.* Hampton, 46 Mo., 406.) In this case the acknowledgment was before an agent of the firm, for whose benefit the deed was made, his agency appearing on the face of the deed. If the fact of agency raises a presumption of pecuniary interest, the case of Brown *v.* Moore is in point. But whether such be the presumption or not, we think that one who identifies himself with the transaction by placing his name on the face of the instrument as the avowed agent of one of the parties, is not competent to give it authenticity as an officer. We have been cited to no case recognizing the validity of such an acknowledgment; on the other hand, it has been assumed as too plain for doubt that a person cannot take an acknowledgment of a deed to himself. (Groesbeck *v.* Seeley, 13 Mich., 329; Dissaume *v.* Burnet, 5 Iowa, 103; Beaman *v.* Whitney, 20 Me., 431.)

The evidence of the execution of the deed of trust was certainly secondary in its character, and no sufficient predicate was laid for its admission. That the residence of the subscribing witness was unknown, was not enough. The affidavit should have shown that diligent inquiry had been made for them. (1 Greenl., secs. 572–574; White *v.* Holliday, 20 Tex., 679; Craddock *v.* Merrill, 2 Tex., 494.)

White *v.* Holliday establishes, as an exception to the rule requiring the execution of a deed to be proved by one of the subscribing witnesses, that the maker of the deed himself may, when called on by a litigant claiming under the deed, prove that he executed it. The evidence in the case was not sufficient under the ruling in White *v.* Holliday, and the deed was properly executed.

The court did not err in instructing the jury that the de-

fendant took no title under the judgment of foreclosure and sheriff's sale.  Under our view of the case this instruction would have been correct, even if the execution of the deed of trust had been established and notice of it brought home beyond question to McFadin and wife and Mrs. Irwin. When this suit to foreclose the lien was brought against Woodford, the conveyance by Woodford to Eliza McFadin, and by the McFadins to Mrs. Irwin, were of record, and the plaintiffs in that suit had notice that Mrs. Irwin claimed the land under conveyances which certainly gave her the right to redeem, and vested in her such a title as made her a necessary party to the suit.  Not having been made a party, her rights were not affected by the decree or sale. (Byler v. Johnstons, decided at present term.)   The suit was one of trespass to try title, and no issues were presented by the pleadings involving any other question than that of title. Whether Mrs. Irwin held with notice of, and subject to, the deed of trust or not, the record shows that she acquired a title of which she was not divested by the foreclosure and sale against Woodford, and which gave her the right to the possession of the land recovered by her.   The judgment is affirmed.

AFFIRMED.