THEO. ROTHSCHILD ET AL. v. ANNIE M. DAUGHER ET AL.

No. 7584.

**Party to Deed can not as an Officer take Acknowledgment to it.**—A party to a deed or mortgage is not competent to take the acknowledgment of the instrument. Such certificate of a privy acknowledgment to a deed of transfer taken by the trustee named in the deed is void, although the trust be assumed by a substitute trustee appointed by the beneficiaries under a stipulation in such instrument. If the property be the separate estate of the wife, then the trust deed is void.

APPEAL from El Paso. Tried below before Hon. T. A. FALVEY.

*Davis, Beall & Kemp,* for appellants, cited and discussed: Brown v. Moore, 38 Texas, 648; Sample v. Irwin, 45 Texas, 573; Titus v. Johnson, 50 Texas, 236; Davis v. Beazley, 75 Va., 491; Bowden v. Parrish, 9 S. E. Rep., 616.

No brief for appellees reached the Reporter.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by Annie M. Daugher, joined by her husband, against W. M. Chandler, trustee, Theo. Rothschild, substitute trustee, and Charles Jacobs & Co., beneficiaries in a certain deed of trust executed by the plaintiffs, to enjoin the sale under the power in the deed of certain real estate, the property of the wife.

Chandler, the original trustee, having declined to make the sale, Roths-
child was appointed by the beneficiaries as his substitute, and at the in-
stitution of the suit had advertised the property for sale.

The deed in trust was accompanied by the privy acknowledgment of
Mrs. Daugher, but it was taken before W. M. Chandler, a notary public,
who is the same person that is named as the original trustee in the instru-
ment.     Upon this ground the court below held the deed in trust void,
and entered a decree perpetuating the injunction.     There were other
grounds upon which the validity of the proposed sale was attacked, but
the conclusion at which we have arrived renders it unnecessary to con-
sider them.

The precise question here presented has never been passed upon in this
court, unless it was in the case of Brown v. Moore, 38 Texas, 648.     In
the deed of trust under consideration there is no express provision allow-
ing the trustee any compensation for executing the trust.     In the case re-
ferred to, the report does not make it clear whether the instrument which
was there held void contained such express provision or not.     We would
infer from the statement of the case that it did not.     But the court in the
opinion say, " the trustee was interested in the conveyance to the extent
of his commissions, and was therefore incompetent as an officer to take an
acknowledgment of the deed."

Whether the court determined, that a trustee was entitled to compen-
sation, in the absence of an express provision in the deed allowing it, or
whether they understood the deed as containing such express stipulation,
it is impossible to say.     But in either event, if we should hold that with-
out such stipulation a trustee is entitled to remuneration for his services
in making the sale, the decision would be in point, and would be decisive
of the question before us.     But we are not prepared to so hold; and leav-
ing that point undecided, we will treat the question before us from the
other standpoint.

Conceding, for the sake of the argument, that the trustee would not
have been entitled to compensation for his services in making the sale, the
question is, Did he in that case have the power to take the wife's acknowl-
edgment to the deed of trust?     We think the case of Sample v. Irwin,
45 Texas, 567, approaches very nearly a decision of the question.     In that
case the notary who took the acknowledgment of the deed of trust had
signed it as agent of the beneficiaries, and for that reason the acknowl-
edgment was held void.     The court in the opinion say:     " If the fact of
agency raises a presumption of pecuniary interest, the case of Brown v.
Moore is in point.     But whether such be the presumption or not, we think
that one who identifies himself with the transaction, by placing his name
on the face of the instrument as the avowed agent of one of the parties, is
not competent to give it authenticity as an officer."

A party to a deed is generally held incompetent to take the acknowl-

edgment of the grantor.    The officer who took the acknowledgment of
the mortgagors in the present case is a party to the conveyance.  In form
at least the instrument purports to convey the lot to him in trust in order
to secure the payment of the debt of the beneficiaries. ˙ Whether he had
any pecuniary interest or not, he is identified with the transaction.    We
think it safe to hold, that a .party to a deed or mortgage is not compe-
tent to take the acknowledgement of the instrument.

It is insisted, however, that because Chandler, the original trustee, de-
clined to act under the instrument, and refused to make the sale, he was
not a party to the deed of trust, and therefore was not disqualified
to take the acknowledgment of the mortgagors.    If it had appeared
especially upon the instrument itself that he had declined to accept the
trust before the acknowledgment was taken, the point would have been
worthy of serious consideration.    But when he took the wife's acknowl-
edgment he was bound to know the contents of the instrument, and that
he was the trustee in it; and yet it does not appear that he declined in
any manner to accept under it.    The presumption is that he did accept,
and we therefore think that he was not competent to take the acknowl-
edgment at the time it was taken, and that his subsequent refusal to act
did not cure the original want of authority.

If the deed of trust had been upon land not the separate property of
the wife, and hence not dependent for its effect upon a certificate of her
privy examination and acknowledgment, and if attested by subscribing
witnesses, it would have been good between the parties and all persons
holding under them with notice, although the acknowledgment was in-
valid.    Bennett v. Shipley, 82 Mo., 448; Darst v. Gale, 83 Ill., 136.
But being a mortgage of the wife's separate estate, it is of no effect.

In Darst v. Gale, supra, the court say:   " The trustees were empow-
ered to act separately and in the alternative; that is to say, if by circum-
stances one became disqualified or was unable to act, another might act.
The acknowledgment was taken by Grove, one of the parties named as
trustees.   This unquestionably rendered the deed void as to him, but we
fail to comprehend how it affected the deed as to the other trustees.   He
and they had no community of interest, and his becoming disqualified
had no tendency to disqualify them.    But aside from this, since the exe-
cution of the deed of trust is proved aliunde the acknowledgment, and
the trustee had no beneficial interest in the trust, we are of the opinion
that the proof of execution was sufficient, without regard to the suffi-
ciency of the acknowledgment, so far as relates to the purposes of the
case before us."

In the last proposition we fully concur.    But we will say, with due
respect to the court whose opinion we quote, as we trust, that it seems to
us the fact that one of the trustees took the acknowledgment did not make
the deed any worse than it would have been without an acknowledgment.

The fact, however, that the officer who took the acknowledgment was one of the trustees made the acknowledgment itself a nullity. And such, we think, was the effect of the same fact upon the acknowledgment to the deed of trust in the case now before us.

To hold that a party to a deed is incompetent to take the acknowledgment of a party to it, we think a safe and salutary rule.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered June 25, 1892.