### Aaron McVea v. E. W. Walker et al.

#### No. 641.

1. **Judgment, Void When—Justice Disqualified by Relationship—Relief Against.**

   The judgment of a justice of the peace in a suit in which he is related to one of the parties within the third degree, is absolutely void, and want of jurisdiction may be shown in a collateral proceeding. Relief from such judgment may be had either by appeal or certiorari, or in an independent action for damages.

2. **Judicial Officers—Responsibility of, for Knowingly Exceeding Jurisdiction.**

   When judicial officers knowingly act outside of and beyond their jurisdiction, they will be held responsible as any other trespasser for the injuries arising out of their acts.

Appeal from County Court of Gonzales. Tried below before Hon. John S. Conway.

*W. W. Glass,* for appellant.

*Burgess & Hopkins,* for appellees.

Fly, Associate Justice.—Appellant instituted this suit in the County Court of Gonzales County, for damages alleged to have accrued by reason of the unlawful seizure and conversion of certain property belonging to appellant. The circumstances alleged were, in substance, that E. W. Walker was a justice of the peace, and in a certain suit wherein one C. P. Hopkins was plaintiff and appellant was defendant, involving the title to a certain mule, rendered judgment for said Hopkins and placed him in possession of the mule. That Hopkins was a nephew of said Walker and was related to him within the third degree, and therefore that the judgment rendered by Walker was void. The petition, in effect, charges a conspiracy between Walker and Hopkins to gain possession of the mule, and prayed for damages in the sum of five hundred dollars. It was alleged that the question of Walker's disqualification was ·presented to him in a motion for a new trial which was overruled. A general demurrer and special exceptions were sustained and the cause dismissed.

It is provided by law that, "no justice of the peace shall sit in any

cause where he may be interested, or where he may be related to either party within the third degree of consanguinity or affinity." Article 1538, Sayles Stats.

Vanfleet, in his work on "Collateral Attacks on Judicial Proceedings," section 49, and the Supreme Courts of a few of the States, take the position that judgments rendered by a judicial officer in violation of the statute as to relationship are merely voidable, but the great weight of American authority is to the effect that they are absolutely null and void. Hall v. Thayer, 105 Mass., 219; People v. Guerra, 27 Cal., 73; Horton v. Howard, 44 N. W. Rep., 1112; 79 Mich., 642; Ferguson v. Crawford, 70 N. Y., 254; People v. Connor, 142 N. Y., 130, affirming same case in 20 N. Y. Supp., 209.

To the same effect are the decisions in Texas. Chambers v. Hodges, 23 Texas, 104; Newcome v. Light, 58 Texas, 141; Templeton v. Giddings (Texas Sup.), 12 S. W. Rep., 851; Winston v. Masterson (Texas Civ. App.), 27 S. W. Rep., 691; Freburg v. Isabell (Texas Civ. App.), 25 S. W. Rep., 988.

The justice of the peace having been, as alleged, related within the third degree to one of the parties to the suit, his judgment was absolutely void, and want of jurisdiction could be shown in a collateral proceeding. And while appellant might have gained relief by appeal or certiorari, he was not compelled to do so. He had the right to proceed in an independent action for damages received under color of the authority given by the void judgment. Ferguson v. Crawford, 70 N. W. Rep., 254.

The justice of the peace being disqualified from sitting in the case by the plain, positive terms of the statute, there was no scope for the exercise of any judicial discretion on his part. It is alleged that the fact of his disqualification was brought before him, and that he had full knowledge of the same, and there is excellent authority for holding that he would be responsible for damages arising from his acts in rendering the judgment and issuing the writ by which the property was seized and converted. 2 Addison on Torts, 966, p. 178; Inas v. Winspear, 18 Cal., 399; Clark v. May, 2 Gray (Mass.), 410; Piper v. Pearson, 2 Gray (Mass.), 120. It is said in the Piper-Pearson case, "If a magistrate acts beyond the limits of his jurisdiction, his proceedings are deemed to be coram non judice and void; and if he attempts to enforce any process founded on any judgment, sentence or conviction in such case, he thereby becomes a trespasser."

This is, as said in Clark v. May, undoubtedly the law when it is made to appear that the justice of the peace was cognizant of all the facts which constituted the defect of jurisdiction in the proceedings. Judicial officers will be protected in the fearless and impartial administration of justice so long as they act within the scope of their jurisdiction, but when they knowingly act outside of and beyond their jurisdiction, their acts become a wanton and oppressive abuse of authority,

and they will be held responsible as any other trespasser for the injuries arising out of their acts.

We are of the opinion that the petition alleges possession if not ownership of the mule in appellant when it was seized and converted. Walker, the justice of the peace, and Hopkins, who claimed the mule, would be liable, if at all, as joint tort-feasors, and if the property belonged to appellant, would be liable for trespass and conversion, but if the property belonged to Hopkins, he would be liable in such damages as might arise from the trespass, together with such vindictive damages as the circumstances might justify. The owner of property has no right to forcibly take possession of his own property that is in the lawful possession of another. Dozier v. Pillot, 79 Texas, 224.

The judgment of the County Court is reversed and the cause remanded.

*Reversed and remanded.*

Delivered June 20, 1895.