BEXAR BUILDING AND LOAN ASSOCIATION v. S. D. HEADY.

Decided April 12, 1899.

1. **Acknowledgment—Officer Disqualified by Interest.**

The acknowledgment before a stockholder of a building and loan association of a contract creating a lien upon land in favor of the association is invalid and can not be reformed.

2. **Married Woman's Contract and Separate Estate.**

One who advances money to pay for the erection of a dwelling upon a lot owned by a married woman at a place to which she had gone for her health, is not entitled to a personal judgment against her, to be made out of her separate estate, upon the ground that the dwelling was necessary as a home for herself and children, although the family had previously lived in a rented house, there being no change of circumstances or conditions making it necessary to purchase property and erect a dwelling for a home at a place to which it does not appear that the husband had removed.

APPEAL from Bexar. Tried below before Hon. J. L. CAMP.

*William Aubrey,* for appellant.

*C. A. Keller* and *Leo Tarleton,* for appellee.

JAMES, CHIEF JUSTICE.—The cause was tried as between the association and Mrs. Heady (no relief against the husband personally, who had been cited by publication, being sought), and the issues upon which we are asked to revise the judgment are: first, the right of the association to a foreclosure of a lien on the homestead; second, the right of the association (in case the lien did not exist) to a judgment against Mrs. Heady upon the ground that the dwelling built at her instance was a necessary for her under the circumstances of the case, such judgment to be satisfied out of her separate property or the community of herself and husband.

The court denied a lien, because the notary taking the acknowledgment of Mr. and Mrs. Heady was a stockholder in the association. The authorities with few exceptions hold that a notary having an interest in the subject is not capable of acting officially in reference thereto, the rule being applicable alike to acknowledgments and the taking of depositions. The decisions in this State leave no doubt that the act of a notary in taking acknowledgments, particularly that of a married woman, is regarded as quasi judicial. The conclusiveness attached to such act enforces this view. Stress is laid by counsel for appellant on the case of Cooper v. Building and Loan Association (Tenn.), 37 Southwestern Reporter, 12. It is there shown that generally, in those States in which the official act of a notary is treated as quasi judicial, he is disqualified to act where he has any interest, and that his act under such circumstances is void. But nevertheless the Tennessee court holds that this act in such case is not void, placing its decision upon the ground that a judgment rendered by a disqualified judge is not void in that State. With us, however, such a judgment is void. McVea v. Walker, 11 Texas Civ. App., 46, and cases cited. We are inclined to hold with the following decisions that the acknowledgment in this case was of no effect. Smith v. Clark, 69 N. W. Rep., 1011; Kothe v. Kreg, 50 N. E. Rep., 594; Miles v. Kelley, 16 Texas Civ. App., 147, and cases cited. The cases of Kutch v. Holly, 77 Texas, 223, supports this view, as also Railway v. Burton, 61 Texas, 526, and Blum v. Jones, 86 Texas, 495. See also Havemeyer v. Dahn, 43 Cent. Law Jour., 12; Webb, Record of Title, sec. 67. In the nature of things an acknowledgment invalid for such reasons is not one that can be reformed or corrected.

The matter of lien being disposed of, the question arises as to whether or not plaintiff was entitled to a judgment against Mrs. Heady, to be made out of her separate estate and out of the community property on the ground that she contracted in this instance for what should be considered a necessary for herself and children. It is possible that conditions might exist which would require a court to hold the acquisition of a

dwelling to have been necessary for the wife and children, but the facts here do not present such a case. The court found the facts to be that her husband was a railroad conductor; that they had lived in Marshall, Texas; that owing to bad health her physician advised her to move to San Antonio; that up to the time of such removal she had lived in rented premises, but on coming to San Antonio she determined to cease renting and construct a house or dwelling for herself, and purchased the lot and made the contract in question for that purpose. The court also in another conclusion, based upon the foregoing, found that "when she signed said contract a place of residence or habitation was necessary for her, neither she nor her husband owning any dwelling house."

A dwelling place is of course necessary for any family. But such necessary can ordinarily, and under the facts of this case could have been, secured without acquiring or purchasing property. The testimony shows that the act in question was a matter of caprice or selection with the wife, and not prompted by any reasonable necessity. For this reason we conclude that the provisions of article 2970, Revised Statutes, authorizing the wife in certain cases to contract debts, do not apply here.

We further conclude that no facts appear which would estop the wife from setting up the defense made. The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

We think the cases of Semple v. Jones, 45 Texas, 567; Martin v. Lowell, 56 Texas, 646, and Rothschild v. Daugher, 85 Texas, 332, are inconsistent with appellant's position, that where the disqualification of a notary is not the result of a constitutional provision, his act should not be deemed invalid.

*Motion overruled.*

Writ of error refused.