## UVALDE ROCK ASPHALT CO. v. WARREN et al.*

### No. 9819.

Court of Civil Appeals of Texas. Galveston.

March 9, 1933.

Rehearing Denied April 13, 1933.

---

*Writ of error granted.

W. H. Graham, of Houston, for appellant.

Stewart & DeLange and Albert J. DeLange, all of Houston, for appellees.

GRAVES, Justice.

This appeal is from a general judgment of the court below, sitting without a jury, refusing appellant any relief against any of the appellees in a suit whereby it sought a personal judgment against appellee Mrs. May Warren for the $585 amount of paving certificate No. 172, of date June 25 of 1930, issued by the city of Houston to appellant as for the proportionate costs of pavement it had completed on Fannin street in front of her property, together also with the foreclosure against herself, her husband, and the loan company appellee, of its asserted superior statutory and contract liens against her property, alleged to have inured to it by virtue of its having done such paving.

The property affected was 65 feet on Fannin street by 125 feet on Arbor place in the city of Houston, was the separate property of Mrs. Warren, and prior to 1925 constituted in toto the actual and occupied homestead of Mr. and Mrs. Warren; their residence thereon fronting upon the Fannin street side. Thereafter, about 1925, the Warrens built a rent house upon the other or east end of their homestead tract of 65 by 125 feet, which new house they faced north on Arbor place and rented to tenants from time to time, at all times, however, retaining in themselves the control of the whole original homestead tract, as well as continuing to directly use for themselves, in connection with their continuing home on the Fannin street front, all of the entire 65 by 125 foot tract, except such rental tenure as they thus granted on the new house and the land upon which it was built, inclusive of appurtenant means of access thereto.

The paving certificate declared upon was issued pursuant to a written petition for such paving filed with the city council of Houston on or prior to November 16 of 1927, which, it was alleged, Mrs. Warren had signed along with more than 51 per cent. of the owners of the front-feet property abutting on Fannin street, and that all requirements of the city charter relative to the initiation of such paving, its completion, and the proper issuance of the declared-upon certificate in pursuance thereof, were alleged; wherefore, it was especially asserted, the statutory lien in such cases made and provided had arisen in appellant's favor, not only against Mrs. Warren but against her husband and the appellee

loan company as well, and that personal liability against Mrs. Warren alone had also, by virtue of such proceedings, arisen in its favor for the amount sued for.

Appellant, by way of what it terms an accumulative lien to that alleged under the paving certificate, also declared upon a contract or mechanic's lien as having arisen by virtue of a written agreement of date October 28 of 1929, between it and appellees May E. and John K. Warren, whereby, it was charged, she further in that manner not only bound herself to pay the amount of the paving assessment, but also fastened in its favor a mechanic's, builder's, and materialman's lien upon the whole of her property as security therefor.

It was further averred that the appellee loan association was asserting some sort of a lien upon the property, but that it was inferior to the liens so claimed by appellant, hence did not stand in the way of its prayed-for foreclosure thereof.

A subsidiary claim was that, in any event, the rented house on the east end of the whole tract—together with at least the land on which it was situated—had in 1925 been segregated from the balance and abandoned as a part of the Warrens' homestead, if it had ever before been such.

In answer, the appellees made common cause in denying that appellant had any cause of action against any one of them either for a personal liability or a lien of any character against any part of the whole tract involved, for the reasons, among others, that the entire place had in 1922 become and ever since then remained the homestead of the two Warrens as husband and wife, and subject as such during all that time to prior and superior vendor's and other kinds of liens then fastened upon it in favor of the appellee loan company; that no proper steps had ever been taken to make appellant's claimed paving assessment and contract liens valid upon any portion of such property against any one of them; and particularly that the asserted contract lien of October 28 of 1929 was invalid and void because the property at that time constituted the homestead of the two Warrens, and such purported contract had neither been duly signed, executed, and acknowledged by either of them, nor had their claimed acknowledgments been legally taken thereto, in that the notary public who assumed to act in that behalf, Mr. M. B. Hardin, was disqualified to act in any such capacity because at the time he was the representative of the appellant charged with the duty of procuring the contract itself, and therefore was merely its alter ego and was undertaking to act for it in reference thereto; that in no event had either the rented house, or the ground upon which it was built, ever become subject to the asserted paving lien, because, while the appellees neither had ever abandoned it as

part of their homestead, nor had at any time intended to do so, still, if any. such isolation or segregation of it from the balance of the homestead tract as was asserted had occurred, it by that process lost any character as abutting the street paved, Fannin, since it at all times abutted Arbor place only.

No findings of fact or law were either requested or filed below; hence the judgment there rendered must be affirmed, if the record presents and supports any theory upon which that may properly be done.

This court, after a careful consideration of the cause, concludes that the learned trial court was correct in so refusing any recovery.

The evidence justifies, if it does not compel, at least these conclusions:

■ 1. The entire tract, continuously until this trial from and after its purchase by Mrs. Warren in 1922, constituted the homestead of herself and husband, with the possible exception of the rent house at the east end with its supporting terrain and means of ingress and egress, after its erection in 1925, incumbered all the while by an existing vendor's lien in favor of the appellee loan company, which throughout that whole time constituted a prior and superior charge to all others here claimed against it; wherefore the paving assessment and certificate gave rise to no such tax nor other lien. as could prevail against it. City of Wichita Falls v. Williams (1930), 119 Tex. 163, 26 S.W.(2d) 910, 79 A. L. R. 704; Higgins v. Bordages (1895) 88 Tex. 458, 31 S. W. 52, 803, 53 Am. St. Rep. 770; Barnett v. Eureka Paving Co. (Com. App. Sec. B, 1921) 234 S. W. 1081; R. S. article 1091, and Vernon's Ann. Civ. St. art. 1105b, § 8.

■ 2. The alleged contract of October 28, 1929, the acknowledgments to which Mr. M. B. Hardin essayed to take, was invalid and created no lien, because he was indisputably shown to be nothing short of the alter ego of his corporate principal in the entire enterprise of this paving as affecting the portion of Fannin street abutting the Warren homestead, inclusive of the procuring and making of the agreement itself with relation thereto this paper purported to reflect, hence was disqualified from performing valid notarial acts in connection therewith. 1 Corpus Juris, § 110 et seq., p. 802 and following; Rothschild v. Daugher (1892) 85 Tex. 332, 20 S. W. 142, 16 L. R. A. 719, 34 Am. St. Rep. 811;

Sample v. Irwin (1876) 45 Tex. 567; Brown v. Moore (1873) 38 Tex. 646; Miles v. Kelley (Austin 1897) 16 Tex. Civ. App. 147, 40 S. W. 599; Workman's Mutual Aid Ass'n v. Monroe (Tex. Civ. App. Austin 1899) 53 S. W. 1029, writ denied, 93 Tex. 698, 55 S. W. xv, no op.; Hamilton County Development Company v. Sullivan (Tex. Civ. App. Austin 1920) 220 S. W. 116; Vauter v. Greenwood (Tex. Civ. App. Fort Worth 1919) 212 S. W. 269; Silcock v. Baker (San Antonio 1901) 25 Tex. Civ. App. 508, 61 S. W. 939; Bexar Bldg. & Loan Ass'n v. Heady (San Antonio 1899) 21 Tex. Civ. App. 154, 50 S. W. 1079, 57 S. W. 583.

■ 3. No parts of the rented premises— that is, the rent house, the ground on which it rested, nor the appurtenant driveway thereto—while made up of small strips of all three lots comprising the whole property of Mrs. Warren, ever at any time abutted Fannin street, but do and have at all times since the construction of the rent house in 1925 abutted wholly upon Arbor place to the north of the property which runs practically at right angles with Fannin street; so that, while this court does not deem it necessary to pass upon appellant's contention that this much of the property became abandoned as a part of the homestead and does not do so, it seems clear that it is not subject to the assessment lien claimed, because of the fact that, when considered apart from the balance of the whole property, it does not in any sense abut Fannin street; the claimed assessment lien cannot therefore attach to it, because, by the express provisions of the Houston city charter as well as the general law on the subject, such paving assessments can only create statutory liens thereon on abutting property. Charter of City of Houston, art. 4-a, §§ 5-a, 9, 10, and 14; El Paso Bitulithic Company v. Neill (Tex. Civ. App. El Paso 1924) 266 S. W. 593; Smith Brothers v. Lucas (Tex. Civ. App. Dallas 1928) 15 S.W. (2d) 27; Panhandle Construction Co. v. Sikes (Tex. Civ. App. Amarillo 1931) 42 S.W.(2d) 113; City of El Paso v. Mundy Bros. (1892) 85 Tex. 316, 20 S. W. 140; 44 C. J. § 2917, p. 546, also § 2918, p. 547.

While there are many questions raised and discussed in the briefs of the parties, it is deemed unnecessary to discuss them in detail, since these conclusions determine the merits of the appeal; the judgment of the trial court will therefore be affirmed.

Affirmed.