## WILLBORG v. GENTRY et ux.

### No. 9859.

Court of Civil Appeals of Texas. Galveston.

June 6, 1933.

Rehearing Dismissed on Motion May 7, 1936.

W. H. Graham, of Houston, for appellant.

Wander & Williamson and C. F. Stevens, all of Houston, for appellees.

LANE, Justice.

Under date of September, 1928, D. L. Gentry and wife, Frances P. Gentry, signed and delivered to one Harry F. Arisman, agent of Harbor Paving Company, who was authorized by said company to procure paving contracts for it, a mechanic's lien contract in favor of and for the benefit of said Harbor Paving Company. Such lien was upon lot 83 of River View addition to the city of Houston, same being the homestead of Gentry and wife. It was the purpose of Arisman in procuring the purported lien to secure the payment for certain contemplated paving improvements to be made in Auburndale street in Houston in front of the homestead of Gentry and wife, and upon which street said homestead property abutted. By the terms of the contract T. S. Taliaferro was named trustee, with power to sell the property to pay the sum of $55, stated as the costs of said improvements, in the event Gentry and wife should fail or refuse to pay said sum when due, together with trustee's fee.

One of the sections of the purported contract, which state the nature and kind of pavement to be constructed, is as follows: "Know All Men by These Presents: That, whereas, the Harbor Paving Company has by contract duly circulated among the property owners abutting on Auburndale Street, City of Houston, agreed with said property owners on Auburndale Street, to pave said street with a double bituminous surface treatment in accordance with the specifications prescribed by the City of Houston and under the supervision of said City by bringing the same to the established grades and constructing the paving and executing other work thereon."

Under date of January, 1930, Harbor Paving Company assigned the contract to O. K. Willborg. T. S. Taliaferro, trustee, refused to execute the trust, and O. K. Willborg appointed Earle B. Barnett as substitute trustee.

Gentry and wife failed and refused to pay the said cost of the paving, and at the request of Willborg, Earle B. Barnett duly advertised the property for sale, and on the day set for such sale he sold the same to O. K. Willborg and by his deed, as such trustee, conveyed the property to O. K. Willborg. After such sale and conveyance, O. K. Willborg brought this suit in trespass to try title to the property against D. L. Gentry and his wife, Frances P. Gentry, for the purpose of obtaining possession of the property in question.

Defendants, Gentry and wife, answered by general demurrer, general denial, plea of not guilty, and by specially alleging that

their signatures to the mechanic's lien contract were procured by false and fraudulent representations by Arisman, the agent of Harbor Paving Company, under which plaintiff holds; that among such false and fraudulent representations so made were the following: That the contract contained a stipulation that the Harbor Paving Company would place seven inches of shell, well rolled, covered with a double bituminous surface; that such representations were false, and fraudulently made to induce defendants to sign the mechanic's lien contract; that upon such representations being made they signed the contract without reading the same.

They allege the property in question was at all times their homestead; that the purported acknowledgment to the contract was defective in that, as a fact, neither of them appeared personally before the notary, Arisman, who purported to take their acknowledgments, for the purpose of acknowledging such instrument to be their act and deed; that neither of them stated to said notary that they, or either of them, executed the instrument for the purposes and considerations therein stated.

Defendant Frances P. Gentry alleged that at the time she signed the instrument she was a married woman, the wife of D. L. Gentry; that such purported mechanic's lien and deed of trust was never explained to her in any manner, and that she did not know the contents of the same; that she was never given an opportunity to retract her signature to the purported contract and deed of trust, and that she now exercises her right and privilege as a married woman to retract her said signature; that such purported acknowledgment is wholly false and fraudulent.

Defendants further denied that O. K. Willborg, or any other person, ever constructed the pavement of the street in accordance with the specifications set out in the purported contract.

In reply to defendants' answer, the plaintiff alleged that he had no notice, before he did the paving in front of defendants' homestead property, of any defect in the acknowledgment to the contract.

The cause was submitted to a jury upon special issues, in answer to which they found: That the plaintiff did not pave Auburndale street in front of defendants' property with a double bituminous surface treatment, in accordance with the specifications prescribed by the city of Houston and under the supervision of the city by bringing the same to the established grades and constructing and paving and executing other work thereon; that plaintiff did not place "7" inches of shell on the street as a part of the paving; that plaintiff Willborg had notice that Harry F. Arisman, the person who procured the signatures of defendants to the contract, had promised defendants to place "7" inches of shell on the street as a part of the pavement, and that he had such notice prior to placing the pavement in front of defendants' premises; that Harry F. Arisman did not examine the defendant Frances P. Gentry privily and apart from her husband at the time he purported to take her acknowledgment; that he did not at that time explain the instrument to Frances P. Gentry; that Frances P. Gentry did not acknowledge to Harry F. Arisman that she had willingly signed said instrument as her act and deed; that neither of defendants acknowledged before Harry F. Arisman that they executed the contract and deed of trust for the purposes and consideration therein expressed; that at the time plaintiff Willborg did the work on the street in front of defendants' property he had not had notice that Gentry and wife were claiming that they had not acknowledged the mechanic's lien and deed of trust, or that there was any defect in said acknowledgment.

Upon the verdict of the jury and the evidence, the court rendered judgment decreeing that the plaintiff Willborg take nothing by his suit, and that defendants have and recover of plaintiff Willborg the title and possession of the property described in the plaintiff's petition; that the *pretended* mechanic's lien and deed of trust signed by defendants and all instruments relative thereto be declared and held to be null and void, and that they are canceled. All costs were adjudged against the plaintiff, and from such judgment plaintiff Willborg has appealed.

Since the jury found from the evidence that Harry F. Arisman, the notary, did not take the acknowledgment of Mrs. Frances P. Gentry, a married woman, to the purported mechanic's lien and deed of trust, and since the trial court approved such finding and adjudged that such mechanic's lien and deed of trust was, by reason of the fact that the acknowledgment of Mrs. Gentry was not lawfully taken, null and void and that it should be canceled, and constituted no lien upon appellees' property,

which findings and judgment, if sustained, will dispose of the whole case adversely to appellant, we will pretermit discussion of all other complaints of appellant and go directly to a consideration of the question as to whether under the law and the facts shown such findings of the jury and judgment of the court are supported.

Appellant contends that he became the assignee of all the rights granted to Harbor Paving Company by the purported mechanic's lien and deed of trust and that at the time he became such assignee, and not until he had completed the paving work, did he have any notice that appellees claimed that there was any defect in the acknowledgment to such contract lien and deed of trust, and that it is shown by the evidence that as Mrs. Gentry appeared before the notary for the purpose of acknowledging such instrument, such instrument, as to him, is in law valid, and as to him it created a lien on defendants' property, and therefore the trial court erred in holding that such instrument was void, and that he (appellant) acquired no title under the sale of the property to him by the substitute trustee appointed to make such sale.

We overrule appellant's contention for two reasons:

■■ First, the alleged contract of date September 24, 1928, the acknowledgment to which Harry F. Arisman essayed to take, was invalid and created no lien because he was indisputably shown to be nothing short of the alter ego of the Harbor Paving Company, principal, in the proceedings culminating in the signing of the paving contract and deed of trust by appellees, which paving affected that portion of the street abutting the Gentry homestead. He was the agent of the Harbor Paving Company, clothed with authority to make and enter into paving contracts on Auburndale street for his company and in pursuance of such authority he did make the agreement with defendants which he himself prepared. He was therefore disqualified from performing valid notarial acts in connection with the transaction. 1 Corpus Juris, p. 804; Uvalde Rock Asphalt Co. v. Warren (Tex. Civ.App.) 59 S.W.(2d) 272, and authorities there cited.

We have not been able to find any case which lays down, or attempts to lay down, any rule which will afford a safe test for determining whether an officer is disqualified, by reason of his relationship or interest, from taking an acknowledgment in any particular case. Whether such disqualification exists in any case must therefore be determined from the peculiar facts and circumstances of that case.

It would seem that on grounds of public policy an officer should be disqualified from taking an acknowledgment when he is interested in upholding the instrument acknowledged.

We have reached the conclusion from the undisputed evidence that the notary in the present case was interested in upholding the acknowledgment taken by him as the agent of the Harbor Paving Company, to whom the entire transaction was intrusted. The evidence shows that such notary negotiated and consummated the agreement with defendants which resulted in obtaining their signatures to the contract and deed of trust and that he made alterations in the instrument, as first prepared, at the request of defendants. In 1 Corpus Juris, at page 804 it is said: "The amount of interest which will disqualify an officer is a question which must be largely determined by the facts and circumstances of the case in which it is presented rather than by any hard and fast rule."

■ Second, the undisputed evidence shows that in an effort to get defendants to agree to the pavement of the street in front of their homestead property, the notary called at their home on three different occasions before he obtained defendants' signatures to the purported mechanic's lien contract and deed of trust. Nowhere is it shown that either of defendants at any time appeared before the notary for the purpose of acknowledging the alleged contract lien, except by the testimony of the notary, which is flatly contradicted relative to that question by testimony of both of the defendants.

Defendant Gentry testified that Harry F. Arisman came to his house and told him that he was getting up a petition to have the street paved; that he asked him how they wanted to pave it; that Arisman explained the nature of the proposed improvement; that thinking the paper presented to him, which he did not read, was a petition to have the street paved, he signed the same. He testified that neither he nor his wife knew that Arisman was a notary until long after they signed the alleged contract, and that when he found out that Arisman had certified, as a notary,

that he and his wife came before him to acknowledge the alleged contract, he filed a charge against him in a justice court and caused a warrant to be issued for his arrest; that Arisman never told him that he was a notary and that he never heard of him being a notary. He said: "I didn't know that he was a notary, and I didn't know that he had signed up my contract for a year or more afterwards. He didn't take my acknowledgment." That had Arisman asked him if he acknowledged that he signed the contract for the *purpose* and *consideration* therein expressed, he would have answered: "Let me read this contract."

Mrs. Frances Gentry testified that when Arisman came to their home and asked her to sign the alleged contract, she did not know he was a notary and she said to him that she "never sign nothing I don't read; and that he spoke up and said, 'I haven't time for you to read it, there is nothing to it only a petition to show that you are willing for the street to be paved'; and then Mr. Gentry said: 'Go ahead and sign it, Frances,' and I just went on and signed the thing, never reading it, and didn't know what was in it"; that the man never explained the contract to her and that Arisman never told her he was a notary, and that she did not know he was going to certify that she appeared before him separate and apart from her husband; that at the time she signed the alleged contract her husband was present and that he never left the room; that she did not know that she was signing a contract to pave the street, but thought it was a petition to have the street paved.

By article 5460, Revised Civil Statutes of 1925, it is provided: "When material is furnished, labor performed, or improvements as defined in this title are made, or when erections or repairs are made upon homesteads, if the owner thereof is a married man, then to fix and secure the lien upon the same it shall be necessary for the person or persons who furnish the material or perform the labor, before such material is furnished or such labor is performed, to make and enter into a contract in writing, setting forth the terms thereof, which shall be signed by the owner and his wife, and privily acknowledged by her, as is required in making sale of homestead."

Since there is ample evidence to support a finding that neither of the defendants appeared before the notary for the *purpose* of acknowledging the alleged contract, and that neither of them ever acknowledged the same, and that the certificate of the notary was false and fraudulent, the judgment of the court is supported by evidence, in that if the purported mechanic's lien and deed of trust was not lawfully acknowledged by Mrs. Gentry it did not and does not exist as an enforceable lien against appellees' homestead.

Appellant, however, contends that as no issue was submitted to the jury on the question as to whether appellees appeared before the notary for the *purpose* of taking their acknowledgments, and no request was made therefor by appellees, they waived that issue.

We overrule such contention. It is apparent from the record that appellant was seeking to show that the contract was enforceable in his favor, contending that it was shown by the evidence that appellees did appear before the notary for the purpose of acknowledging the contract and deed of trust. We think, in the state of the evidence, it was incumbent upon appellant to make the request for the submission of such issue to the jury, if he wanted the jury to determine it, and not upon appellees. Since there was ample evidence to support a finding by the trial court that appellees did not appear before the notary for the purpose of acknowledging the contract and deed of trust, and as no request was made for the submission of such issue to the jury, it must be deemed, as found by the court, to support the judgment. Article 2190, Revised Civil Statutes 1925, as amended by Acts 1931, c. 78, § 1 (Vernon's Ann.Civ.St. art. 2190).

Since the purported contract and deed of trust lien never legally existed, the purported sale made by the substitute trustee was and is void, and appellant got no title to the property by such sale

For the reasons pointed out the judgment is affirmed.

Affirmed.