Ronald W. KESSLER et al., Appellants,

v.

Don RAINES et al., Appellees.

Don RAINES et al., Petitioners,

v.

Ronald W. KESSLER, Chairman of the Dallas County Democratic Executive Committee, et al., Respondents.

Nos. 19630, 19626.

Court of Civil Appeals of Texas, Dallas.

April 26, 1978.

George W. Bramblett, Jr., William R. Allensworth, Haynes & Boone, Dallas, for appellants in No. 19626.

Kelsoe & Ayers, Robert L. Kelsoe, Dallas, for appellees, in No. 19626.

G. H. Kelsoe, Kelsoe & Ayers, Dallas, for petitioners, in No. 19630.

William R. Allensworth, George W. Bramblett, Jr., Haynes & Boone, Dallas, for respondents, in No. 19630.

GUITTARD, Chief Justice.

Both of these proceedings present the question of whether Don Raines is entitled to have his name placed on the ballot in the Democratic primary for nomination to the office of County Commissioner. We hold that he is so entitled.

The material facts are undisputed. Petitioner Raines presented to respondent, Democratic County Chairman Ronald Kessler, a nominating petition in lieu of the filing fee, as permitted by Tex.Election Code Ann. art. 13.08(d) (Vernon 1978). The notary public certifying the affidavits of some of the persons who authenticated the signatures on the petition was the candidate's wife, who was herself active in soliciting other signatures. On the sole ground of disqualification of the notary, the Dallas County Democratic Executive Committee, acting on the recommendation of its primary committee, denied petitioner Raines a place on the primary ballot. Raines filed an action in the district court against Kessler, as Democratic County Chairman, and Harris Hill, as Secretary of the Dallas County Democratic Executive Committee, for a judgment declaring his petition sufficient. Larry Scott, a member of the executive committee, was permitted to intervene. The district court rendered judgment declaring the petition sufficient, and the intervenor, as well as the chairman and secretary, have appealed.

The intervenor, as appellant in this court, moved to dismiss the declaratory judgment action for mootness on the ground that not enough time remained for action by this court on a motion for rehearing and by the supreme court on an application for writ of error before the statutory date for beginning absentee voting. In response, appellee Raines filed in this court an original petition for mandamus under article 1735a, Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1978) to require the party officers to place his name on the ballot. Intervenor Scott is named as a respondent in this proceeding, although no relief is sought against him. Oral argument in both matters was heard in this court on April 14, 1978. In the course of the argument, counsel for Raines and counsel for the party officers stipulated for the purpose of the mandamus proceeding that Raines's nominating petition is sufficient unless his wife was disqualified to act as notary. Intervenor did not join in this stipulation.

After the argument we deliberated and then announced our decision granting the writ of mandamus and dismissing the action for declaratory judgment as moot because all matters presented in that action have been disposed of by granting the writ. We now state our reasons for that decision.

Respondents contend that the candidate's wife could not act as an impartial officer to administer the oath to the persons who swore to the authenticity of the signatures and the other requirements of article 13.-08(d) and to make a proper certificate of their sworn statements, because of her relationship to the candidate and also because she was herself active in obtaining other signatures on the petition. They rely on authorities from other jurisdictions concerning petitions having to do with elections and on Texas cases concerning acknowledgments on deeds and other legal instruments.

We conclude that none of the authorities cited are persuasive here. The principal authority cited by respondents, *Citizens' Committee to Recall Rizzo v. Board of Elections*, 367 A.2d 232 (Penn.1976), concerned a petition for recall of the mayor of Philadelphia. In that case the petition was held invalid on various grounds, including the ground that one of the notaries who certified the signatures on the petition was himself active in soliciting signatures. This holding is not helpful in determining the validity of a nominating petition under article 13.08(d) because Texas election officials have no authority to inquire into such matters. In *Weatherly v. Fulgham*, 153 Tex. 481, 271 S.W.2d 938 (1954), the supreme court held that the secretary of state, in determining the sufficiency of a nominating petition for an independent candidate in a general election, could not consider affidavits showing that certain signatures were procured by fraud. The court pointed out

that the authorities charged with the responsibility to make up the ballot would have an impossible task if they were required to look beyond the public records to determine the validity of petitions that appear sufficient on their face. Likewise, in *Garcia v. Carpenter*, 525 S.W.2d 160, 161 (Tex.1975), the supreme court held that a candidate for mayor could not be kept off the ballot on the ground that he had given testimony in a previous case indicating that he had not satisfied the residence requirement of the Code.

■ By the same reasoning, we hold that the county executive committee, in determining the sufficiency of nominating petitions under article 13.08(d), cannot inquire into the relationship of the notaries to the candidate or their activities in obtaining signatures on the petition. If sworn accusations of outright fraud must be disregarded, as held in *Weatherly*, there is greater reason to disregard a charge of technical disqualification of the notary for interest or for relationship to the candidate, when no fraud is shown, and, indeed, when freedom from fraud is conceded.

Neither is any help to be found in decisions concerning the disqualification of notaries to take acknowledgments on the ground of financial interest. Respondents cite cases holding that such an interest renders an acknowledgment void. *Gulf Production Co. v. Continental Oil Co.*, 139 Tex. 202, 132 S.W.2d 553, 568 (1939), *opinion withdrawn*, 139 Tex. 183, 164 S.W.2d 488 (1942), and *Bexar Building & Loan Ass'n v. Heady*, 21 Tex.Civ.App. 154, 50 S.W. 1079, 1080 (1899, writ ref'd). Other cases supporting this rule include *McGee v. Stark*, 127 S.W.2d 589, 590–91 (Tex.Civ.App.—Beaumont 1939, writ dism'd, jdgmt. cor.), and *Clements v. Texas Co.*, 273 S.W. 993, 1004 (Tex.Civ.App.—Galveston 1925, writ ref'd). Doubt has been cast on this rule by the holding in *Phillips v. Brazosport Savings & L. Ass'n*, 366 S.W.2d 929, 932 (Tex. 1963), that in the absence of allegations of fraud, bad faith, or undue influence, articles of association of a building and loan association are not rendered void by the

fact that one of the signers acted as a notary to take acknowledgments of the other signers.

The narrow scope of a notary's disqualification for financial interest is shown by the holding in *W. C. Belcher Land Mortgage Co. v. Taylor*, 212 S.W. 647 (Tex.Comm'n App.1919, jdgmt. adopted), that an acknowledgment is not void because of the indirect financial interest of a notary whose name does not appear on the face of the document. Moreover, decisions concerning acknowledgments do not necessarily govern the validity of affidavits, in view of cases holding that an attorney of record is not disqualified as a notary to take his client's affidavit. These cases rest on the ground that the act of administering an oath is ministerial, as distinguished from the quasi-judicial act of taking an acknowledgment. *Forest Oil Co. v. Wilson*, 178 S.W. 626, 627 (Tex.Civ.App.—Fort Worth 1915, no writ); and *see Ryburn v. Moore*, 72 Tex. 85, 10 S.W. 393, 394 (1888).

Even if the rule concerning the disqualification of notaries for financial interest applies to affidavits, then, under the above authorities the scope of that rule is not broad enough to cover the candidate's wife, who had no immediate financial interest in the nominating petition, although, presumably, if her husband should be elected, his salary would be community property. In the present situation, as respondents concede, the more pertinent inquiry is her personal interest as the candidate's wife and active supporter, but, under the authorities already discussed, that kind of interest is not a matter that the county committee may inquire into. Consequently, we hold that the party officers have a clear duty to accept the petition and place petitioner's name on the ballot in the primary election for nomination to the office of county commissioner.

This holding is consistent with our decision in *Geiger v. DeBusk*, 534 S.W.2d 437 (Tex.Civ.App.—Dallas 1976, no writ), in which a nominating petition was held insufficient for failure to comply with an explicit requirement of the Code. It is the only

decision consistent with the public policy of simplicity and clarity in interpreting the election laws. The Election Code itself contains no provision concerning the qualifications of notaries who must certify the affidavits on nominating petitions. As we have seen, other authorities on the qualification of notaries give no clear guidance. Yet candidates and election officials must have clear and simple rules for determining such matters so that the election process may proceed fairly and expeditiously.

■ Finally, we must consider the contentions of intervenor Scott, who did not join in the stipulation that the nominating petition is otherwise sufficient and now urges that petitioner Raines, in his application for mandamus, has not established the validity of the petition as against other challenges. We hold that Scott has no standing to raise these questions in the mandamus action. Though named as a respondent in the petition for mandamus, no relief is sought against him. If the county committee has determined that the nominating petition is otherwise sufficient, any interested person attacking that decision has the burden of establishing it to be erroneous in a proper proceeding brought for this purpose. No such proceeding is now before us.

For these reasons, we hold that petitioner Raines has grounds for issuance of a writ of mandamus requiring the party officers to place his name on the ballot in the Democratic primary as a candidate for county commissioner. Since we understand that respondents have already complied with our ruling, actual issuance of the writ will not be necessary. As a result of this action, the declaratory judgment appealed from is reversed and that proceeding is dismissed for mootness.