JOHN J. HAYDEN ET AL. V. J. W. MOFFATT ET AL.
                        No. 6475.

1. **Deed by Married Woman.**—Revised Statutes, articles 4310 and 4313, prescribe the form of privy acknowledgment to be taken to make effectual the deed of a married woman, and the requisites of the official certificate to such acknowledgment. They must be substantially followed by the officer taking and certifying such acknowledgment.

2. **Certificate of Privy Acknowledgment.**—A certificate showing "that this deed from Margaret A. Barbee and Joseph A. Barbee, her husband, to Sarah T. Tingle was produced to me in my office this day, and was acknowledged by the grantors to be their act and deed, and said instrument of writing being shown and explained to Mrs. M. A. Barbee separate and apart from her husband, she acknowledged the same freely and willingly, without fear or undue influence of her said husband, and desired the same certified and recorded," *held,* defective, and such deed was properly excluded when offered as evidence of title.

3. **Privy Acknowledgment.**—When such acknowledgment is made to the proper officer in the manner and under the circumstances prescribed by the law the deed takes

effect and conveys the title. It seems that a defective certificate may be corrected upon showing the facts and that the statute was followed.

4. **Registration—Notice.**—If the certificate of privy acknowledgment does not state the facts essential to the conveyance, the registration of the instrument is illegal and does not constitute notice.

5. **Same.**—While the certificate of privy acknowledgment may be supplied or corrected, if defective, the registration is not affected thereby. The registration upon the defective proof is a nullity.

APPEAL from Bell. Tried below before Hon. W. A. Blackburn.
The opinion states the case.

*Barry & Etheredge*, for appellants, cited Rev. Stats. art. 4313; Smith v. Elliott, 39 Texas, 209; Callahan v. Patterson, 4 Texas, 61; Nichols v. Gordon, 25 Texas Supp., 112; Cross v. Everts, 28 Texas, 523.

*Harris & Saunders*, for appellees Finnell and Clayton, cited Belcher v. Weaver, 46 Texas, 293; Coombs v. Thomas, 57 Texas, 321; Johnson v. Taylor, 60 Texas, 360; Berry v. Donley, 26 Texas, 737.

ACKER, PRESIDING JUDGE.—Appellant sued in trespass to try title to and for partition of an undivided one-seventh of certain lands granted to John M. Lemon, who died leaving seven heirs, Mrs. M. A. Barbee being one of them, and both parties claim under her.

The case was disposed of before trial as to all defendants except appellees Finnell and Clayton, who pleaded not guilty and filed special answer not necessary to consider.

The trial was without a jury and resulted in a judgment in favor of appellees.

Appellants claim the land under a deed from Mrs. Barbee and her husband Joseph A. Barbee to them, executed in August, 1885. This deed was executed, acknowledged, and certified in the manner required by law for the conveyance of land by a married woman, and recited that it was executed in the place of a deed made by the same vendors to John M. January, the ancestor of appellants, in December, 1859, the deed to January having been lost.

Appellees claim the land under a deed from the same parties, of date April 12, 1882, to which the officer's certificate of Mrs. Barbee's acknowledgment is as follows:

"*State of Kentucky, Harrison County.*—I, Perry Wherritt, clerk of said County Court, do certify that this deed from Margaret A. Barbee and Joseph A. Barbee, her husband, to Sarah T. Tingle was produced to me in my office this day and was acknowledged by the grantors to be their act and deed, and said instrument of writing being shown and explained to Mrs. M. A. Barbee separate and apart from her husband, she ac-

knowledged the same freely and willingly without fear or undue influence of her said husband, and desired the same certified and recorded.

" Given under my hand and seal of court this 12th day of April, 1882.

[SEAL] . " P. WHERRITT, C. H. C. C."

Appellants objected to the introduction of this deed upon the grounds that the certificate of acknowledgment does not show that Mrs. Barbee ever signed it for the purposes and consideration therein expressed. The certificate does not show that the deed was fully explained to her, and it does not show that she declared that she did not wish to retract it.

The objection was overruled and the deed admitted in evidence, to which appellants excepted, and the correctness of this ruling is questioned by the first assignment of error. Our Revised Statutes provide:

" Article 4313. The certificate of acknowledgment of a married woman must be substantially in the following form:

"*The State of* ——, *County of* ——. Before me (insert name and character of officer), on this day personally appeared —— wife of ——, known to me (or proved to me on the oath of ——) to be the person whose name is subscribed to the foregoing instrument, and having been examined by me privily and apart from her husband, and having the same fully explained to her, she, the said ——, acknowledged such instrument to be her act and deed, and declared that she had willingly signed the same for the purposes and considerations therein expressed, and that she did not wish to retract it."

We think it evident from even a casual and superficial comparison of the certificate of acknowledgment with the form prescribed that the certificate is not in substantial conformity to the statute. It is not shown by the certificate that the officer either knew Mrs. Barbee or that she was proved to him to be the person whose name is subscribed to the deed. It is not shown that she was examined by the officer and the deed explained to her by him privily and apart from her husband, nor does the certificate state that Mrs. Barbee declared that she had willingly signed the deed for the purposes and considerations therein expressed.

Unless it appears from the certificate that Mrs. Barbee was known, or proved in the manner prescribed, to the officer to be the person whose signature is subscribed to the deed, and being so identified, that the officer made the privy examination and explanation, and that being so examined and having the deed so explained to her by the officer, she declared that she had willingly signed the same for the purposes and consideration therein expressed, the certificate is fatally defective and insufficient to entitle the deed to registration. Unless she willingly signed the deed for the purposes and consideration therein expressed, in contemplation of the statute she has not signed it at all, and the certificate failing to show her identification, and failing to show that she declared that she had willingly signed the deed, we think it fails to show that Mrs. Barbee

ever signed it for the purposes and considerations therein expressed. Rev. Stats., arts. 4309, 4310.

The certificate states that "she acknowledged the same freely and willingly," but this language is certainly not substantially the same as "acknowledged such instrument to be her act and deed, and declared that she had *willingly signed* the same." She might "acknowledge the same willingly," without having signed it willingly.

Without such acknowledgment as the statute prescribes there can be no conveyance of the lands of a married woman, and before such conveyance can be so recorded as to operate as notice there must be attached to it a certificate of her acknowledgment in substantial conformity to the prescribed form. Having signed the deed willingly she must acknowledge the fact in the manner required by statute.

When such acknowledgment is made to the proper officer in the manner and under the circumstances prescribed by the law the deed takes effect and conveys the title. The statute prescribes that the proper certificate of the officer shall be sufficient evidence of the proper execution of the deed to admit it to record and give it the effect of notice to subsequent purchasers. If the certificate of acknowledgment does not state the facts essential to the conveyance, the registration of the instrument is illegal and does not constitute notice.

The conveyance depends upon the proper acknowledgment of the execution of the deed, while the registration depends upon a proper certificate of the facts of acknowledgment.

Appellees may be able in a suit brought for that purpose to prove the proper acknowledment by Mrs. Barbee of the deed to Mrs. Tingle and obtain judgment correcting the certificate, but such proof and judgment would not validate the registration and give it effect as notice to appellants. Rev. Stats., art. 4353; Johnson v. Taylor, 60 Texas, 361; Davis v. Agnew, 67 Texas, 206.

We deem it unnecessary to consider the other ground of objection to the certificate, or to discuss other assignments.

We are of opinion that the court erred in overruling the objection and admitting the deed, for which the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted October 29, 1889.