ELLEN SILCOCK ET AL. v. MARY H. BAKER ET AL.

Decided March 13, 1901.

Married Woman's Deed—Acknowledgment Before Husband—Limitation of Three
   Years.

   A deed by a married woman conveying her separate property, and acknowl-
·edged before her husband, is void and does not estop her from claiming the land,
and as it constitutes neither title nor color of title, it will not support the three-
years statute of limitations.

Appeal from Bexar. Tried below before Hon. J. L. Camp.

*Jay Minter* and *J. M. Eckford,* for appellants.

*Lewis Maverick,* for appellees.

NEILL, ASSOCIATE JUSTICE.—The appellant, Ellen Silcock, joined
by her husband, brought this suit against Mary H. Baker, who was
joined by her husband, in the form of an action of trespass to try title
to recover certain parcels of land. Appellees, defendants below, answered
by a plea of not guilty, and plead that the deed under which Mrs. Sil-
·cock claims the property was made by Mary H. Baker to her separate
property, and that her pretended acknowledgment thereto was taken by
Andrew Silcock, the husband of Ellen, and for that reason the deed
was void, and a cancellation thereof prayed for.

The case was tried by the court without a jury, and judgment ren-
·dered that the plaintiffs take nothing by their suit, and in favor of the
·defendants on their plea of reconvention for a cancellation of the deed.

*Conclusions of Fact.*—The appellee, Mary H. Baker, is the common
·source of title under which both parties claim, the property being upon
the 28th day of August her separate estate, she then being and is now a
married woman. On the 28th day of August, 1894, she, with her husband
John F. Baker, signed an instrument purporting upon its face to be a
deed conveying the premises in controversy to Ellen Silcock. On the
·same day the instrument was acknowledged by Mary H. Baker before
Andrew Silcock, a notary public in and for Bexar County, Texas, who
was at the time of the execution of the purported conveyance and of such
acknowledgment, the husband of the grantee, Ellen Silcock. The in-
·strument was afterwards, on the 31st day of August, 1894, acknowledged
by J. F. Baker, the husband of the grantor, before a notary public of
Travis County, Texas. The evidence shows that it was agreed between
the parties that, as a consideration for the conveyance to Ellen Silcock,
Mary H. Baker should receive the boarding house furniture contained
in a certain boarding house conducted by the appellants, together with
the supposed good will of the boarding house business. The furniture
was never delivered to appellees, but was all taken away by appellants

upon leaving said premises except a small part thereof, which was offset by certain furniture transferred by appellees to appellants in the same transaction. The supposed good will of the business was of no value.

*Conclusions of Law.*—The following counter-propositions taken from appellees' brief, in our opinion, state the law applicable to the facts in this case:

"(1)   The deed of a married woman to her separate property, though absolutely free and voluntary, unless acknowledged as prescribed by law, will not pass to the parties claiming under it either a legal or equitable title. It is the statutory acknowledgment which gives her deed validity, her signature being a nullity without her privy examination, acknowledgment and declaration before some officer authorized to take the same. Rev. Stats., arts. 635, 4618; Berry v. Donley, 26 Texas, 745, and approved by an unbroken chain of decisions.

"(2)   It is essential to the validity of an acknowledgment that it should be taken before some officer authorized by law to take acknowledgments, and who is not disqualified to take the particular acknowledgment. A party to a deed, or identified with the transaction, or one having a pecuniary interest in the subject, is not competent to take the acknowledgment of the instrument. Rothchilds v. Daugher, 85 Texas, 333; Association v. Heady, 50 S. W. Rep., 1079 (Texas Civ. App.), and cases cited; same case, 57 S. W. Rep., 583, and cases cited.

"(3)   Although in a case where, as a matter of fact, an acknowledgment has been taken by an officer authorized and qualified to take it, and he has failed to properly certify the fact, the court may hear proof and correct the certificate, yet where there has never been an acknowledgment before an officer qualified to take it, there is no basis for action on the part of the court. There is nothing to correct or which can be corrected. Association v. Heady, 50 S. W. Rep., 1079 (Texas Civ. App.); Johnson v. Taylor, 60 Texas, 360.

"(4)   But had appellee, Mary H. Baker, received the value of the land as purchase money, she would not be estopped in asserting her title. A married woman who seeks to recover her separate estate illegally conveyed without her acknowledgment as prescribed by law, is not required to refund the consideration received as a condition of recovery. Johnson v. Bryan, 62 Texas, 625; Owens v. Land Co., 32 S. W. Rep., 1060 (Texas Civ. App.), and cases cited.

"(5)   The pretended conveyance from Mary H. Baker, under which appellants claim, passed neither a legal nor equitable title, and could certainly, therefore, constitute neither a title nor color of title, which would protect the appellants under the three years statute of limitation. Berry v. Donley, 26 Texas, 747."

The judgment is affirmed.

*Affirmed.*