ANNIE L. VEEDER ET AL. v. ELI GILMER.

Decided November 13, 1907.

**1.—Married Woman—Defective Deed—Color of Title.**

A deed purporting to convey the separate property of a married woman, but defectively acknowledged by her, is neither title nor color of title, and will not, therefore, support either the three or five years statute of limitation.

**2.—Suit to Correct Acknowledgment—Citation—Limitation.**

A suit to correct a defective acknowledgment of a married woman is one to determine the status of the title, and hence citation other than by personal service will bind the parties. Such suit unless commenced within four years from the date of the acknowledgment will be barred by limitation, and the defense of limitation is available either in a direct proceeding to cor-

rect the acknowledgment or in a cross action by a defendant in trespass to try title.

**3.—Invalid Deed—Improvements—Good Faith.**

The mere fact that the deed under which defendant in trespass to try title claims is invalid because defectively acknowledged by a married woman, does not preclude the defendant from being a possessor in good faith, and as such entitled to compensation for his improvements.

**4.—Improvements—Insufficient Evidence.**

When, in trespass to try title, the defendant fails to introduce evidence which will enable the court to determine the value of the improvements for which he claims compensation, judgment for such improvements is properly denied.

### ON MOTION FOR REHEARING.

**5.—Deed of Married Woman—Defective Acknowledgment—Color of Title.**

The deed of a married woman to which the certificate of acknowledgment is defective may or may not be void according to the facts of the case. If the defective certificate speaks the truth, the deed is void; but if the officer properly performed his duty and only incorrectly certified thereto, it is not void. Hence, under a plea of limitation of three years, evidence should be admitted to show the facts concerning the acknowledgment and so enable the jury to determine whether or not there was any such want of "intrinsic fairness and honesty" as would deprive the defendant of color of title.

Appeal from the District Court of Orange County. Tried below before Hon. W. B. Powell.

*Hart, Sholars & Wingate,* for appellants.—The deed of a married woman to her separate property, which is not acknowledged by her in the manner required by statute for the conveyance of her separate property by a married woman, is a nullity, and will not support the statute of limitations of three years. Berry v. Donley, 26 Texas, 737; Cox v. Bray, 28 Texas, 247; Silcock v. Baker, 61 S. W. Rep., 939; Watson v. Watson, 55 S. W. Rep., 183; Parker v. Chancellor, 73 Texas, 479.

*Holland & Holland,* for appellee.—The deed of a married woman to her separate property which is, in fact, properly acknowledged by her in the manner required by statute for the conveyance of her separate property, conveys the title, notwithstanding the officer before whom acknowledged may place an incorrect certificate of acknowledgment on the deed. Johnson v. Taylor, 60 Texas, 360; Silcock v. Baker, 61 S. W. Rep., 939; Hussey v. Moser, 70 Texas, 45; Hayden v. Moffatt, 74 Texas, 647.

The court correctly held that appellant was barred by the statute of limitation of three years. Art. 3340, Sayles' Civil Statutes; Marsh v. Weir, 21 Texas, 110; Hussey v. Moser, 70 Texas, 45; Charle v. Saffold, 13 Texas, 95; McDonough v. Jefferson County, 79 Texas, 539; Hunton v. Nichols, 55 Texas, 218; Harris v. Wells, 85 Texas, 315; Hicks v. Hicks, 26 S. W. Rep., 229; Black v. Garner, 61 S. W. Rep., 777; Tate v. Southard, 14 Am. Dec., 580; Cramer v. Clow, 9 L. R. A., 773; Leffingwell v. Warren, 67 U. S., 599; Lawyers' Ed., book 17, p. 261; Wofford v. McKinna, 23 Texas, 36; Speer on Married Women, p. 106.

The statute of limitation of four years, as against the remedy provided by article 4662, Sayles' Civil Statutes, did not begin to run against appellees until plaintiffs filed their suit in this case. Pegram v. Owens, 64 Texas, 475; Kimmarle v. Houston & T. C. Ry., 76 Texas, 686; York v. State, 73 Texas, 651; Pennoyer v. Neff, 95 U. S., 723; Hart v. Sansom, 110 U. S., 151; 19 Am. & Eng. Ency., 1901 Ed., clause 8, p. 235; Langdon v. Doud, 83 Am. Dec., 643; Hall v. Nasmith, 28 Vt., 791; Rutland Marble Co. v. Bliss, 57 Vt., 23; Brown v. Rollins, 44 N. H., 446; Bell v. Lamprey, 52 N. H., 41; Drew v. Drew, 37 Me., 389; Campbell v. White, 22 Mich., 178; Miller v. Tyler, 61 Mo., 401; Savage v. Scott, 45 Iowa, 130.

Appellee should have recovered under his plea of five years' limitation. Harris v. Wells, 85 Texas, 315.

JAMES, CHIEF JUSTICE.—The amended petition, in addition to the ordinary case of trespass to try title, alleged that plaintiffs and defendant claim lots 5 and 6 in block 3 of the upper survey of the town of Orange under a common source, to wit: the plaintiff, Annie M. Veeder; and that plaintiff, Annie M. Veeder, also claims same by regular chain of title from the State, setting forth a regular chain; and that defendant, Eli Gilmer, claims through a void deed from plaintiff to him.

Defendant's pleading was not guilty, the several statutes of limitations, improvements, etc., and a cross proceeding to correct the acknowledgment of Mrs. Veeder to a deed from herself and husband to David Gilmer, under which defendant holds.

Plaintiffs thereupon pleaded certain exceptions, also Mrs. Veeder's coverture, to defeat the pleas of limitations, and also pleaded the four years' statute in bar of defendant's right to have the certificate of acknowledgment corrected.

The deed from Mr. and Mrs. Veeder was made on May 16, 1871, and their acknowledgment taken on that date did not embody any separate acknowledgment of the wife. On October 28, 1871, an acknowledgment of Mrs. Veeder was taken to the deed by a notary public, which complied in all respects with the statute, except that it omitted to state that the instrument was explained to her. The deed, after describing the lots, refers, in connection therewith, to a recorded deed, "To our father, Leander Mindaman, and I, the said Anna Veeder, formerly Anna Mindaman, the sole heir of my father's estate, together with my husband, Alcide Veeder, do by these presents sell and convey to the said David Gilmer all of our rights, title, claim and interest that we have in said lots," etc. The deed was placed of record in Orange County on July 1, 1871. The plaintiffs are the same as the grantors in said deed, and have remained husband and wife ever since, residing then and since in the State of Louisiana.

The lots have been in continuous adverse possession of David and Eli Gilmer, and they have placed upon it valuable improvements and kept the taxes paid upon it.

We copy the judge's material conclusions:

4th.—"I conclude that the plaintiffs' exception to defendant's plea to correct the certificate of acknowledgment should have been sustained

—that his right to correct the same was barred after four years from the date of same.

5th.—"I conclude that the acknowledgment of a married woman to a deed conveying the land can not be established in a collateral proceeding by oral testimony, when the certificate of the officer who took her acknowledgment is defective, nor in any other way, except in a suit to correct the same, brought within four years, as required by the statutes. The proper acknowledgment of a married woman before the proper authority gives validity to the deed and passes title, the evidence of which is shown by the certificate of the officer under seal. The officer speaks through his seal, and to permit him to deny the certificate and prove the acknowledgment otherwise would be to permit the acknowledgment of a married woman to be established by witness, the same as a feme sole, and therefore conclude that there is no evidence before the court of the acknowledgment by Mrs. Veeder of the deed from herself and husband to David Gilmer, and that the deed is now void, and passes neither legal or equitable title to said lots."

8th.—"I conclude that said deed is not duly registered as to Mrs. Veeder, but that the same is properly acknowledged and duly registered as to Alcide Veeder, but that said deed shows upon its face that the land is the separate property of Annie M. Veeder, and I therefore conclude that the same does not support the five years' statute.

9th.—"I conclude that the deed is an instrument in writing, not wanting in intrinsic fairness and honesty, and is therefore color of title, and will support the three years' statute, and that defendant should recover the lots sued for."

The second and third assignments of error complain of the ruling that defendant was entitled to the property by virtue of the statute of three years' limitations. In respect to this we are of opinion, on account of the defective acknowledgment of the wife and the fact that the deed upon its face conveys notice that the lots were the separate estate of the wife, that the deed was neither title nor color of title. Silcock v. Baker, 61 S. W. Rep., 939; Watson v. Watson, 55 S. W. Rep., 183; Berry v. Donley, 26 Texas, 748, and was therefore no basis for the statute of three years.

The ten years' statute could not avail defendant owing to Mrs. Veeder's coverture, as the suit was instituted in August, 1902.

Appellee insists that the five years' statute applies. This is not so for the reason that it appears upon the face of the deed that the property was separate property of Mrs. Veeder and that she was the real grantor.

It is also insisted by appellee that the statute of four years, applicable to the proceedings for the correction of an acknowledgment, did not begin to run until the filing of this action, for the reason that plaintiffs were nonresidents of the State when the deed and acknowledgments were made, and have remained such. Appellee's reasoning on this proposition is that a suit to correct an acknowledgment is strictly one *in personam,* and there never was a time when personal service could have been had on plaintiffs to bind them by judgment in such a case. We are of opinion that such a judgment affects, especially in the circumstances of this case, directly

the title to land, determines the status of the title, and would be binding on service other than personal.

We are further of opinion that the court did not err in holding that defendant was barred by the statute of four years of the right to have the certificate of acknowledgment corrected, or to recover upon pleadings and proof that the instrument was in fact explained to Mrs. Veeder by the notary. The application of the rule to the facts of this case is without doubt a hardship on defendant; but it is held that a purchaser of separate property of the wife is charged with notice at the time, of a defect in the wife's acknowledgment, and the Legislature has been liberal in allowing him four years' time thereafter to procure a correction thereof. The presumption is that the certificate of the officer speaks the truth and states all that was done in the taking of the acknowledgment, and when four years are allowed to go by without any proceeding to correct it, the certificate must be taken as it stands, if the statute be invoked. It is contended by appellee that the statute was not intended to apply to suit between the parties themselves, that its object was to provide means for the correction of an acknowledgment when desired for the purpose of registration, in order that the record of the deed may constitute notice to third persons dealing with the land. This we are unable to hold in view of decisions on the subject. In Norton v. Davis, 83 Texas, on p. 37, it is stated: "Appellee's plea of limitation under the four years' statute we think presents a complete bar to Norton's remedy to correct the certificate of acknowledgment under his plea seeking such relief. The certificate was made in 1873, when at such time the deed was delivered to Norton. He at that time was charged with knowledge of the fact that the certificate did not state the essentials of the statute constituting a perfect acknowledgment. He should have invoked his remedy to have the correction made before he did in this case, as this suit was filed February 27, 1889." See also Starnes v. Beitel, 20 Texas Civ. App., 524; Building & Loan Assn. v. Goforth, 94 Texas, 259.

The defendant pleaded improvements in good faith and the court made the following finding in reference to that issue:

"I conclude that defendants are not entitled to improvements on said lots, as they knew they had no title to same when they put them there, the only title to said property shown to be in defendants is by three years' limitation, which was acquired after the improvements were placed on the property, by reason of the amendment of the statutes of limitation in Texas. 2d. Because the allegation in the answer sets out one store house and one other house for improvements in good faith, of the value of $6000 and $750 separately, and the proof shows more houses (four in all), with fencing, etc., of the aggregate value of $6000, and the court can't render judgment with certainty as to value of the property alleged, if the same was made in good faith."

The mere fact that the deed of Mrs. Veeder was invalid for want of a proper acknowledgment did not preclude the vendees from being possessors in good faith. Johnson v. Bryan, 62 Texas, 623; Cole v. Bammel, 62 Texas, 117, and cases there cited. We

need express no opinion upon the applicability of this rule to the facts of this case, because we ascertain that the pleading and evidence were in the condition described by the court in the second clause of the finding. Even if the circumstances would have entitled defendant to claim improvements, the evidence he adduced was not such as enabled the court to determine the value of the improvements that were pleaded. The only result that could follow from the pleading and proof on this issue, is to deny any judgment based on improvements.

We conclude that the judgment must be reversed, and that judgment should be here rendered for appellant for the property.

### ON MOTION FOR REHEARING.

After considering this motion, we conclude that it is proper to change the disposition we have made of the case.

The trial judge held, properly, that the deed of itself was ineffectual to convey title, and could not, at this time, be made effective as a conveyance by proof that Mrs. Veeder did in fact make the acknowledgment required by law of a married woman, the statute of four years being pleaded. But it is well settled that if a married woman properly acknowledges a deed signed by her, it operates to convey her title, although the officer should fail to place upon the deed the prescribed certificate. Johnson v. Taylor, 60 Texas, 365; Hayden v. Moffatt, 74 Texas, 647. Prior to said statute such fact could be shown at any time in connection with her deed, to make it good. The result of the statute is simply to exclude such proof, after four years, and then in cases only where the statute is invoked. It will not do then to say that such a deed is absolutely void. It is only relatively void. It is void if the defective certificate states the truth, but it is not void if the acknowledgment was properly taken, but incorrectly certified upon the deed by the officer.

Color of title, as used in our statute of three years' limitation, has been defined to be such a defective muniment of title as is not wanting in "intrinsic fairness and honesty." Hussey v. Moser, 70 Texas, 42. Even when the deed appears to have been signed by the wife and properly acknowledged, it is competent to show the want of intrinsic fairness and honesty by parol proof, as was done in the case just cited. It seems to us for better reason that where the certificate of her acknowledgment is defective, parol testimony would be admissible to show that she did in fact properly acknowledge it, upon the issue of intrinsic fairness and honesty. For four years after the date of the certificate, and *after* that time when the statute is not invoked, such proof is allowed to supplement and give effect to the deed as a conveyance. In connection with proof of such a state of facts, the deed is not invalid. Therefore we think such proof may be made in support of the plea of three years' limitations, though not, in this case, for the purpose of showing a proper title.

There was testimony going to show that Mrs. Veeder had the

instrument explained to her. Her testimony, however, tends to the contrary. The court refused to consider any of this testimony and did not determine the fact, and of course it is not within our province to decide such a question.

We think the court erred in holding that the plea of three years was sustained by reason of the deed alone. We think further that "intrinsic fairness and honesty" might have been found from the deed and the evidence that was not passed upon.

The motion is granted. The judgment of the District Court is reversed and the cause will be remanded.

*Reversed and remanded.*