GULF PRODUCTION CO. et al. v. CONTI-
NENTAL OIL CO. et al.

No. 4310.

Court of Civil Appeals of Texas. Texarkana.
May 18, 1933.

Rehearing Denied June 1, 1933.

H. L. Stone, of Pittsburg, Pa., John E. Green, Jr., and Claude McCaleb, both of Houston, C. L. Stone, of Henderson, and William L. Wise and Peveril O. Settle, both of Fort Worth, for appellant Gulf Production Co.

Brachfield & Wolfe, of Henderson, McKinney & Berry, of Cooper, and Wm. Pannill, of Fort Worth, for appellants G. G. Turner and wife.

Burney Braly, G. B. Smedley, and G. R. Pate, all of Fort Worth, for appellee Continental Oil Co.

Phillips, Trammell, Chizum, Price & Estes and Eugene Lary, all of Fort Worth, for appellee East Texas Refining Co.

McEntire, James & Clower, of Tyler, for appellees P. G. Lake and H. L. Hunt.

Reuben M. Roddie, of Oklahoma City, Okl., for appellee R. Q. Williams.

James & Conner, of Fort Worth, for appellees Wildman Petroleum Corporation and Frank M. Farley.

Edward R. Hudson, of Fort Worth, for appellees Minerals, Inc., Midland Oil Co., and B. D. Moore.

Wynne & Wynne, of Longview, for appellees Southland Royalty Co. and P. N. Wiggins, Jr.

JOHNSON, Chief Justice.

Appellees, Continental Oil Company, East Texas Refining Company, P. G. Lake, and H. L. Hunt, as plaintiffs, sued Gulf Production Company, G. G. Turner and wife, Sina A. Turner, and others, defendants in the trial court, to recover the leasehold mineral interests in and under a certain tract of land in Rusk county. From a judgment upon special findings of the jury in favor of plaintiffs, the defendants Gulf Production Company and G. G. Turner and wife, Sina A. Turner, have appealed to this court.

The appeal presents for determination which of two oil and gas leases executed by G. G. Turner and wife on the same land on different dates and to different lessees shall be held as the superior lease. Appellees claim under a lease executed April 7, 1927, by G. G. Turner and wife to C. M. Joiner, trustee, hereafter referred to as the Joiner lease filed for record April 15, 1927. The appellant Gulf Production Company claims under a lease executed by G. G. Turner and wife to J. W. Pevey, hereafter called the Pevey lease, bearing date July 25, 1930, filed for record August 5, 1930. Appellants contend (1) that the Joiner lease is void because G. P. Birdwell, the notary public taking the acknowledgments of G. G. Turner and wife thereto, was interested in the conveyance at the time the acknowledgments were taken; and (2) that the lease had terminated by failure to drill a well or pay the money rentals according to the terms of the lease. Appellees contend (1) that they were innocent purchasers for value and without notice, actual or constructive, of the interest, if any, of the notary public, Birdwell, in the lease; and (2) that syndicate interest certificates in the eighty-acre lease on which was being drilled the Joiner discovery well were issued in advance payment to and accepted by G. G. Turner in satisfaction of the "money rentals" provided for in the lease. In reply to which appellants contend (1) that the certificate of Birdwell as a notary public, by reason of his alleged interest in the Joiner lease, was "void" and could not operate to protect an innocent purchaser, nor for any purpose; and (2) that, by reason of the record of certain assignments hereafter referred to, the appellees had constructive notice at the time they purchased the Joiner lease that Birdwell was interested in it at the time he certified to the acknowledgments of Turner and wife, the lessors; and (3) that, since the land was a part of the homestead of Turner and wife, G. G. Turner, the husband, was without legal authority to accept anything other than "money" in satisfaction of the rentals provided for in the lease; and (4) that his attempt to do so, and the proof in support thereof, attempted to vary and did vary the terms of the written lease and violated the statutes of frauds. Relating to the contentions above stated, the jury found:

"That G. G. Turner and wife, Sina A. Turner, prior to April 7, 1928, accepted syndicate interest certificates purporting to cover the 80-acre Joiner discovery well tract in satisfaction of the rentals payable to G. G. Turner and wife on the Joiner lease for the three succeeding years commencing April 7, 1928."

"That appellees, at the time they purchased their several interests therein, did not know and by the exercise of ordinary inquiry could not have known of any defect or defects, if any, in the Joiner lease."

The Joiner lease, under which appellees claim title, is prior in point of time by more than three years to the Pevey lease under which the appellants claim title. It is for a term of five years, and so long thereafter as oil or gas is produced from said land, subject to termination at the expiration of each six months, if a well is not previously drilled, unless certain stipulated semiannual rentals are paid in advance. The acknowledgments of G. G. Turner and wife to the Joiner lease are regular in form, and the instrument does not disclose the interest, if any, the notary public Birdwell had in the conveyance. There is no finding by the jury that Birdwell was in fact interested in the Joiner lease, nor that the appellees had actual notice of his interest, if any he had. At the time the Joiner lease was executed, it does not appear that C. M. Joiner, lessee, or G. G. Turner or his wife, Sina A. Turner, lessors, had actual or constructive notice that Birdwell had any interest in or would receive any interest by the conveyance; and there does not appear to have been any imposition or fraud practiced on Turner or his wife by Birdwell. But, at the time appellees purchased under the Joiner lease, there was of record (1) an assignment by which Joiner, on March 29, 1927, prior to his purchase of the lease from Turner and wife, assigned to W. D. Tucker "a 1/4 undivided interest in all of the oil and gas leases now owned and controlled by me (C. M. Joiner) as Trustee, in Rusk County, Texas, * * * and all leases and royalties be secured and taken in my name as Trustee in such County"; and (2) an assignment executed by W. D. Tucker, attached to the above assignment, reciting that he assigned a one-half interest to Sam Warren, trustee, for certain named persons, one of whom was G. P. Birdwell. The acknowledgment of Tucker, the assignor, to this assignment was taken by G. P. Birdwell, one of the assignees named in the instrument. These instruments were executed prior to the Joiner lease, but not filed for record until August 19, 1930, more than three years after the execution of the Joiner lease, though prior to the purchase by appellees under the Joiner lease. Appellants contend that the assignments above referred to from C. M. Joiner to W. D. Tucker and from Tucker to Sam Warren, trustee, for G. P. Birdwell and others, operated to vest in Birdwell an interest in all the leases subsequently taken in the name of C. M. Joiner, trustee, in Rusk county, that, the Joiner lease being subsequently taken, and in the name of C. M. Joiner, trustee, thereby Birdwell received an interest in it, and his certificate as notary public to the acknowledgment of G. G. Turner and wife thereto was void and of no effect,

and, if not void, that appellees had constructive notice of the same by reason of the assignments from Joiner to Tucker, and by Tucker to Sam Warren, trustee, for Birdwell and others, being of record at the time appellees purchased the Joiner lease. A notary public is disqualified to take the acknowledgment of the grantors to a conveyance in which he is interested. His disqualification is not statutory, but he is disqualified as a matter of public policy. And, as between the parties with knowledge or where his interest is apparent on the face of an instrument, it is held that the certificate of acknowledgment made by him thereto is ineffective for any purpose. Silcock v. Baker, 25 Tex. Civ. App. 508, 61 S. W. 939; Clements v. Texas Company (Tex. Civ. App.) 273 S. W. 993. And such instruments revealing the disqualification are not subject to registration, and, when recorded, do not import constructive notice. Appellants in support of their contention have cited a number of cases in which the courts in referring to the certificate of an interested notary use the words "void" and equivalent terms, but it is not thought that such expressions are precedent for the claim that the certificate of a notary whose interest is undisclosed can never operate for any purpose; for it has been held that the record of the conveyance, where his interest does not appear upon the face of the instrument is effective for the purpose of constructive notice. Titus v. Johnson, 50 Tex. 224; Hill v. Provine (Tex. Civ. App.) 260 S. W. 681; Rhoton v. Texas Land & Mortgage Co. (Tex. Civ. App.) 56 S. W.(2d) 678; 1 C. J. § 55, pp. 772, 773. We do not feel that public policy would be subserved in extending the rule to the extent that title of an innocent purchaser for value and without notice may be defeated by the secret and undisclosed interest of a notary public who has certified to an acknowledgment in the chain of title. We do not think that appellees' title under the Joiner lease is defeated by the alleged interest of Birdwell, unless they are chargeable with constructive notice of the alleged interest of Birdwell by reason of the assignments from Joiner to Tucker and from Tucker to Warren, trustee, for Birdwell and others, being placed of record prior to the appellees' purchase of the Joiner lease. In the Tucker assignment the name of Birdwell appears as one of the grantees. His disqualification to take his grantors' acknowledgment thereto, being apparent on the face of the assignment, the instrument of assignment itself disclosed the invalidity of the acknowledgment, and showed that the assignment was not entitled to be recorded; and, being unlawfully placed of record, its record would not constitute constructive notice. 1 Tex. Jur. § 15, p. 424; 1 C. J. §§ 53 and 54, p. 772; Hayden v. Moffatt, 74 Tex. 647, 12 S. W. 820, 15 Am. St. Rep. 866; Hill v. Taylor, 77 Tex. 295, 14 S.

W. 366; Taylor v. Harrison, 47 Tex. 454, 26 Am. Rep. 304.

Tex. Jur., supra, states the rule: "An instrument that upon its face appears to have been defectively acknowledged is not entitled to registration, and it is elementary law that, if improperly admitted to record, such record does not import constructive notice."

So the Joiner lease in the hands of appellees, assignees for value and without notice, is not to be held invalid unless it had terminated by failure to drill a well or pay the advance money rentals as prescribed in the lease—that is to say, unless appellants are sustained in their contention that G. G. Turner had no authority, by reason of homestead rights of his wife, to accept syndicate interest certificates in lieu of money rentals provided for in the lease, and that his doing so was in violation of the terms of the lease and the statute of frauds, and void.

■ To determine whether or not G. G. Turner had the legal authority to accept in advance, as the jury found he did, property in lieu of money in satisfaction of the rentals, and if, without such authority, his having done so in advance of the due date of the rentals works an estoppel to assert the termination of the lease for failure to pay the rentals in money, necessitates a consideration of (1) the character of the estate conveyed by the lease; and (2) what estate, if any, or what rights, relative to the minerals conveyed, remained in the grantors after the execution of the lease; and (3) what was the nature and effect of the transaction by which the rental provision was satisfied, or attempted to be satisfied, with property other than money. Appellants contend that, since the Joiner lease was an "unless lease," that is, upon special limitation as distinguished from the condition subsequent, there remained in the lessors an estate in that part of the minerals thereby conveyed to the lessee as would be protected by the homestead rights of the grantors, and that the acceptance of property in lieu of the money in satisfaction of the rental stipulation was such an attempt to convey, or modification of the terms of the conveyance, of the homestead as required the joinder and separate acknowledgment of the wife. The Joiner lease is of that class termed an "unless lease," by the provision of which the lessee is not bound to drill or to pay the rental but is under the burden that the lease will automatically terminate prior to the expiration of its terms, five years, and at the expiration of any six months' period from its date, if the lessee fails to drill a well, "unless" he pays the stipulated semiannual rentals in advance. In this respect such provision constitutes a special limitation, as distinguished from a condition subsequent, as provided in that class of leases binding the lessee to "drill or pay" a stipulated rental in advance of stat-

ed periods during the term of the lease and upon his failure to do so the lease terminates, and revestiture of title occurs upon re-entry, action, or their equivalents by the lessor. The distinction between the two classes of leases is referable more to the conditions of termination than to the character of estate granted, and does not determine that the rights, or estate, if any, remaining in the lessors, after execution and before termination of the lease, and relating to the seven-eighths of the minerals conveyed, is such as will be protected by the homestead laws of Texas. The particular estate granted to the lessee in each of the class of leases named is a character of fee title, a base, qualified, or determinable fee, and that which is left in the grantors concerning the estate or minerals conveyed, as distinguished from the one-eighth royalty reserved, is merely the possibility of reacquiring that which has been granted. Stephens County v. Mid-Kansas Oil & Gas. Co., 113 Tex. 160, 254 S. W. 290, 295, 29 A. L. R. 566; Texas Co. v. Davis, 113 Tex. 321, 254 S. W. 304, 255 S. W. 601; Waggoner Estate v. Sigler Oil Co., 118 Tex. 509, 19 S.W.(2d) 27, 28; Caruthers v. Leonard (Tex. Com. App.) 254 S. W. 779, 782; Ehlinger v. Clark, 117 Tex. 547, 8 S.W.(2d) 666; 23 R. C. L. pp. 1103, 1104; Stephen C. Lyford v. City of Laconia, 75 N. H. 220, 72 A. 1085, 22 L. R. A. (N. S.) 1062, 139 Am. St. Rep. 680.

Waggoner v. Sigler Oil Co., supra: "Such a writing as that here called a lease operated to invest the party called lessee and his assigns with title to oil and gas in place. * * * The estate acquired by the so-called lessee and his assigns was a determinable fee."

Stephens County v. Mid-Kansas Co., supra: "The instruments mentioned in the certificate of the Court of Civil Appeals have passed to appellee determinable fees in the lands; leaving in the grantors, their heirs or assigns, the possibility of reacquiring the absolute fee-simple titles, less whatever minerals may be meantime produced and marketed. * * * Ownership of the gas and oil in place meant having the exclusive right to possess, use, and dispose of the gas and oil. The grantors were clearly divested of the right to either possess, use, or dispose of the gas and oil in place in the lands described in the instruments here involved as soon as the instruments were executed."

Caruthers v. Leonard, supra: "The estate, therefore, which Weir [the lessee], or his assigns, hold by virtue of the lease, is a determinable fee, or fee simple determinable. Texas Co. et al. v. Nelson Davis et al., supra [113 Tex. 321, 254 S. W. 304, 255 S. W. 601]. It is not an estate upon condition subsequent, because the estate determines ipso facto upon the happening of any of the events—any one of the failures by the lessee or his assigns to act—by which its limitation is measured, and its termination does not depend upon the taking of any action by any one to determine it. Such being the nature of the estate created by the Weir lease, until the happening of an event by which that estate is determinable, all the estate in the oil, gas, and other minerals was out of Evans [lessor] after the execution of the Weir lease. All that remained to him [lessor] was a mere possibility of reverter."

23 R. C. L. pp. 1103, 1104: "The proprietor of a terminable fee, so long as the estate in fee remains, till the contingency on which the estate is limited occurs, has all the rights and privileges over it that he would have if owner in fee simple. After such a grant, no right of seisin or possession remains in the grantor."

██ So the conveyance of the determinable fee by G. G. Turner and wife carried with it the exclusive right of possession, and that remaining in the Turners after the conveyance being only a right of reverter, not carrying with it a right of possession, until after the happening of the event that would terminate the estate, then no right of homestead could attach in favor of the Turners, a present right of possession being necessary for homestead rights to attach. Rettig v. Houston West End Realty Co. (Tex. Com. App.) 254 S. W. 765. Since, whatever rights remaining in the Turners, relating to the leasehold interest conveyed, could not be the basis of a homestead, and is not protected by the homestead rights of the wife, there does not appear to be any reason why G. G. Turner could not contract with regard to the rentals relating thereto as legally as he could any of their community property; and, having accepted property in lieu of money in satisfaction thereof, he would be as much bound as if he had accepted property in satisfaction of a note stipulating for the payment of money. Turner's written authority to demand money in payment of rentals did not restrict his right to accept property in satisfaction thereof. Proof of the act of payment in money rested as much in parol as did the act of satisfaction or payment in property other than money; and proof of the acceptance of property in satisfaction of the obligation which he had the written authority to demand in money did not violate the statute of frauds or vary or contradict the terms of the instrument.

Finding no error presented by appellants' assignments, the judgment of the trial court is affirmed.